IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JERRY D. FOWLER                                                                              PLAINTIFF

V.                                                                        CAUSE NO.: 1:15CV023-SA-DAS

BRADLEY EDMONSON                                                                         DEFENDANT

MEMORANDUM OPINION

Plaintiff filed this suit seeking damages for Trooper Bradley Edmondson's alleged use of unreasonable force in handcuffing him. Edmondson[1] filed a Motion for Summary Judgment [14] seeking qualified immunity from Plaintiff's claims. Plaintiff responded, and the motion is ripe.

*Factual and Procedural Background*

Mississippi Highway Patrolman Bradley Edmondson conducted a traffic stop on Jerry D. Fowler on February 4, 2012. The audio from the Trooper's portable microphone and video from the dash camera recording is part of the record. The traffic stop concluded with Edmondson placing handcuffs on Fowler, which is visible in the video, and loading him into the back of the patrol car, which is not visible. Even when the events are not visible, there is audio from the entire stop.

Fowler contends that during his arrest, Edmondson used excessive force by picking him up bodily by the handcuffs thereby dislocating his left shoulder. Fowler underwent surgeries in May and July of 2013 to repair that shoulder.

Bradley Edmondson asserts that based on the audio and video available, he is entitled to qualified immunity.

---

[1] While the style of the case lists the Defendant as "Bradley Edmonson," the Defendant has responded using the correct spelling of his name, "Edmondson." The Court uses the correct spelling throughout this opinion.

*Summary Judgment Standard*

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (punctuation omitted). The nonmovant "must come forward with specific facts showing that there is a genuine issue for trial." *Id.* (punctuation omitted). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc.*, 627 F.3d at 138. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812.

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).[2]

---

[2] Edmondson has conventionally filed the video and audio recordings from both the dash camera on his patrol car, as well as from a camera within the detention center. Plaintiff has attached two unsworn letters from persons allegedly in the computer business that assert that the videos appear to be edited or appear to show a "limited view of the incident." The Court will not consider those letters as probative evidence. *See* FED. R. CIV. P. 56(c)(1)(B) (materials cited to establish the presence of a genuine dispute must be admissible evidence); FED. R. EVID. 703 (requirements for admissibility of expert opinion). Thus, the audio and visual representations have been considered by the Court. *See Carnaby v. City of Houston,* 636 F.3d 183, 187 (5th Cir.2011) (stating that "[a]lthough we review evidence in the light most favorable to

*Discussion and Analysis*

Edmondson, sued in his individual capacity, seeks summary judgment on the basis of qualified immunity as to Plaintiff's Fourth Amendment claim of excessive force. Section 1983 provides a remedy "to those who suffer, as a result of state action, deprivation of rights, privileges, or immunities secured by the Constitution and laws of the United States." *White v. Thomas*, 660 F.2d 680, 683 (5th Cir. 1981). Section 1983 claims may be brought against government employees "in their individual or official capacity . . . ." *Goodman v. Harris County*, 571 F.3d 388, 395 (5th Cir. 2009). But individual defendants may rely on the defense of qualified immunity. *Gates v. Tex. Dep't of Protective & Regulatory Servs.*, 537 F.3d 404, 436 (5th Cir. 2008). Generally, "qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009). "Although nominally an affirmative defense, the plaintiff has the burden to negate the defense once properly raised." *Poole v. Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012) (citation omitted). "[T]he usual summary judgment burden of proof is altered in the case of a qualified immunity defense." *Wolfe v. Meziere*, 566 F. App'x 353, 354 (5th Cir. 2014) (citing *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005); *Bazan ex rel. Bazan v. Hidalgo Cnty.*, 246 F.3d 481, 489 (5th Cir. 2001)). "An officer need only plead his good faith, which then shifts the burden to the plaintiff, who must rebut the defense by establishing that the officer's allegedly wrongful conduct violated clearly established law." *Id*. The Plaintiff "cannot rest on conclusory allegations and assertions but must

---

the nonmoving party, we assign greater weight, even at the summary judgment stage, to the facts evident from video recordings taken at the scene").

demonstrate genuine issues of material fact regarding the reasonableness of the officer's conduct." *Id*.

There are two steps in the Court's qualified immunity analysis. First, the Court determines whether the plaintiff "has adduced sufficient evidence to raise a genuine issue of material fact suggesting [the defendant's] conduct violated an actual constitutional right." *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008). Second, the Court must "consider whether [the defendant's] actions were objectively unreasonable in light of clearly established law at the time of the conduct in question." *Id.* The Court has discretion to address either step first. *Pearson*, 555 U.S. at 236, 129 S. Ct. 808. "The qualified immunity standard gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *Brumfield*, 551 F.3d at 326 (punctuation omitted).

Analyzing a claim of excessive force "requires careful attention to the facts and circumstances of the particular case...." *Graham v. Connor*, 490 U.S. 386, 396, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989). Clearly, a constitutional injury can occur from the manner in which an arrestee is handcuffed. *Heitschmidt v. City of Houston*, 161 F.3d 834, 840 (5th Cir. 1998) (plaintiff left in handcuffs for over four hours after the location was secured, despite complaints). Lifting a suspect by the handcuffs can constitute excessive force; however, the situation must be such as to demonstrate that the officer's conduct was in other respects abusive. *Solovy v. Morabito*, 375 F. App'x 521, 526–27 (6th Cir. 2010) (suspect lifted by handcuffs after informing officers that he had a "bad locked shoulder"); *Trimble v. Parisek*, No. 11–12932, 2013 WL 5449571 at *2 (E.D. Mich. Sept. 30, 2013) (suspect's hand fractured when lifted by handcuffs, and, although suspect yelled that his hand had snapped, officer said he didn't care and threw him into the back of the patrol car); *Gotcher v. Helpenstell*, No. C04–2417Z, 2006 WL 1234881 at *3

(W.D. Wash. Apr. 27, 2006) (after being lifted by handcuffs, prisoner was repeatedly slammed against a wall, kneed in the kidneys, and dangled in the air). As the Fifth Circuit has stated, however, "minor, incidental injuries that occur in connection with the use of handcuffs to effectuate an arrest do not give rise to a constitutional claim for excessive force." *Freeman v. Gore,* 483 F.3d 404, 417 (5th Cir. 2007) (bruising on wrist and arms from tight handcuffs); *Tarver v. City of Edna,* 410 F.3d 745, 751 (5th Cir. 2005) (contusions of the wrist); *Glenn v. City of Tyler,* 242 F.3d 307, 314 (5th Cir. 2001) (swelling from tight handcuffs).

Considering his bare claim that he was lifted up by his handcuffs, without any showing of malice on the part of Patrolman Edmondson, this Court cannot declare that the act of picking Fowler up by the handcuffs violated a clearly established constitutional right. Plaintiff failed to allege when and where the excessive force occurred. Further, there are no audible complaints of pain during the totality of the encounter. Once he was handcuffed and placed in the car, Plaintiff maintains a stream of dialogue with Patrolman Edmondson during the twenty minute ride to the jail facility. There is no mention of pain in his shoulder, or outrage at how he has been treated. Plaintiff has the burden to negate Edmondson's qualified immunity defense, but he has failed to adduce sufficient evidence to raise a genuine issue of material fact suggesting that Edmondson's conduct violated a constitutional right. *Brumfield*, 551 F.3d at 326. Therefore, Fowler; claim fails on the first prong of the qualified immunity test. *See Curtis v. Hinds County, Miss.*, 2014 WL 4773973 *4-5 (S.D. Miss. Sept. 24, 2014).

The second prong of the immunity test requires the plaintiff to show that the officer's conduct was objectively unreasonable. *Flores v. City of Palacios*, 381 F.3d 391, 399–400 (5th Cir. 2004). To be objectively unreasonable, the officer's act must have contravened a right that is so well established that any reasonable official would understand that his conduct violated it.

5

*Reichle v. Howards,* --- U.S. ---, 132 S. Ct. 2088, 2093, 182 L. Ed. 2d 985 (2012) (citing *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987)). As the Supreme Court explained, "If the law at that time did not clearly establish that the officer's conduct would violate the Constitution, the officer should not be subject to liability or, indeed, even the burdens of litigation." *Brosseau v. Haugen*, 543 U.S. 194, 198, 125 S. Ct. 596, 160 L. Ed. 2d 583 (2004). The Fifth Circuit has further explained that "[w]here no controlling authority specifically prohibits a defendant's conduct, and when the federal circuit courts are split on the issue, the law cannot be said to be clearly established." *Morgan v. Swanson*, 659 F.3d 359, 372 (5th Cir. 2011). An officer may have fair warning that his conduct violates a constitutional right from precedent decided on similar, but not identical, facts, but the facts used for comparison must be those that have been resolved in the plaintiff's favor. *Tolan v. Cotton*, --- U.S. ---, 134 S. Ct. 1861, 1866, 188 L. Ed. 2d 895 (2014). Even without case precedent, a practice that evinces "obvious cruelty" or is "antithetical to human dignity" should provide officers with adequate notice that their conduct is violative. *Hope v. Pelzer*, 536 U.S. 730, 745, 122 S. Ct. 2508, 153 L. Ed. 2d 666 (2002) (inmate hitched to a post in a painful position for several hours).

Moving from conduct that is prohibited in a general sense to the specific conduct at issue, the Fifth Circuit pronounced in a recent case, "While the right to be free from excessive force is clearly established in a general sense, the right to be free from the degree of force used in a given situation may not have been clear to a reasonable officer at the scene." *Hogan v. Cunningham*, 722 F.3d 725, 735 (5th Cir. 2013). Here, Fowler has not provided, and this court has not found, a case involving similar facts that would have given Patrolman Edmonson notice that his conduct was illegal. Fowler has not established, moreover, that the general state of the law was such that Edmondson had fair warning that lifting Fowler up by his handcuffs violated his constitutional

6

rights. *Williams v. Kaufman Cnty*I, 352 F.3d 994, 1011 (5th Cir. 2003) (while holding that prolonged detention was unlawful under Supreme Court precedent, that precedent "did [not] establish a clear rule warning defendants that such conduct was illegal."); *Curtis*, 2014 WL 4773973 at *5. Likewise, Fowler has shown no clear rule warning Edmondson that merely lifting Fowler by his handcuffs was illegal. The Court finds, therefore, that Fowler has failed to satisfy the second prong of the test for qualified immunity, and Edmondson is entitled to summary judgment on the excessive force claims.

*Conclusion*

Plaintiff has failed to sustain his burden of adducing sufficient evidence to raise a genuine issue of material fact to suggest that Defendant's conduct violated a constitutional right or that his conduct was objectively unreasonable. Therefore, qualified immunity insulates Patrolman Edmondson from Plaintiff's claims. The Motion for Summary Judgment [14] is GRANTED, Plaintiff's claims are DISMISSED, and this case is CLOSED.

SO ORDERED, this the 12th day of September, 2016.

                                             /s/ Sharion Aycock
                                             **U.S. DISTRICT JUDGE**