IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JERRY D. FOWLER                                                                                          PLAINTIFF

V.                                                                     CIVIL ACTION NO. 1:15cv23-SA-DAS

BRADLEY EDMONSON                                                                                    DEFENDANT

ORDER

Plaintiff filed this suit seeking damages for Trooper Bradley Edmondson's alleged use of unreasonable force in handcuffing him. Edmondson[1] filed a Motion for Summary Judgment [14] seeking qualified immunity from Plaintiff's claims. The Court issued its ruling, granting summary judgment for the Defendant [22]. Plaintiff filed a Motion to Alter Judgment or for Reconsideration regarding the Court's Order [24]. Defendant has not responded, and the time has lapsed for response.

*Reconsideration Standard*

The Federal Rules of Civil Procedure do not specifically provide for a motion for reconsideration, but the Fifth Circuit Court of Appeals has held that a district court may entertain such a motion and treat it as a motion to alter or amend under Rule 59(e). *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n. 1 (5th Cir. 2004). "A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. Hydrochem. Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). There are three grounds for altering or amending a judgment under Rule 59(e): "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *Williamson Pounders Architects, P.C. v. Tunica County,* 681 F. Supp. 2d 766, 767 (N.D. Miss. 2008).

---

[1] While the style of the case lists the Defendant as "Bradley Edmonson," the Defendant has responded using the correct spelling of his name, "Edmondson." The Court uses the correct spelling throughout this opinion.

Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment," *Templet*, 367 F.3d at 478, and they "should not be used to . . . re-urge matters that have already been advanced by a party." *Nationalist Movement v. Town of Jena*, 321 Fed. App'x. 359, 364 (5th Cir. 2009). Indeed, it is "an extraordinary remedy that should be used sparingly." *Id.* Moreover, before filing a Rule 59(e) motion, parties "should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement" with the Court. *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990).

*Analysis and Discussion*

Plaintiff urges the Court to reconsider its order granting qualified immunity to Defendant, arguing that it failed to discern correctly whether a constitutional violation occurred. There are two steps in the Court's qualified immunity analysis. First, the Court determines whether the plaintiff "has adduced sufficient evidence to raise a genuine issue of material fact suggesting [the defendant's] conduct violated an actual constitutional right." *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008). Second, the Court must "consider whether [the defendant's] actions were objectively unreasonable in light of clearly established law at the time of the conduct in question." *Id*.

In its grant of summary judgment, the Court did not accept Plaintiff's argument regarding manipulation of Officer Edmondson's dashboard camera video. Thus, the Court found that Plaintiff had not "adduced sufficient evidence to raise a genuine issue of material fact suggesting [the defendant's] conduct violated an actual constitutional right." *Brumfield*, 551 F.3d at 326. However, Plaintiff again points to the traffic stop dash camera recordings, alleging that the video has been manipulated. He argues that while Defendant testified that he gave the video to his Lieutenant Commander at the end of February 2012, the Defendant also told William Starks that

the video had burned in his car during a traffic accident occurring October 30, 2013. Plaintiff asserts that this contradiction suggests that Defendant Edmonson is not being honest.

In pretrial briefing, Plaintiff provided two unsworn letters from persons allegedly in the computer business. They assert that the videos appear to be edited or appear to show a "limited view of the incident." The Court previously ruled that it would not consider those letters as probative evidence. *See* FED. R. CIV. P. 56(c)(1)(B) (materials cited to establish the presence of a genuine dispute must be admissible evidence); FED. R. EVID. 703 (requirements for admissibility of expert opinion). Thus, the Court has considered the audio and visual representations. *See Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011) (stating that "[a]lthough we review evidence in the light most favorable to the nonmoving party, we assign greater weight, even at the summary judgment stage, to the facts evident from video recordings taken at the scene"). Therefore, as Plaintiff previously brought his argument to the Court's attention, his present attempts to re-urge it are not well taken. *Nationalist Movement*, 321 F. App'x at 364.

Furthermore, as noted in this Court's Memorandum Opinion, there were no audible complaints of pain during the totality of the encounter. Once Plaintiff was handcuffed and placed in the car, he maintained a stream of dialogue with Patrolman Edmondson during the twenty-minute ride to the jail facility. There is no mention of pain in his shoulder. Thus, as Plaintiff has not made any showing of malice on the part of Patrolman Edmondson, this Court cannot declare that the act of picking Plaintiff up by the handcuffs violated a clearly established constitutional right.

Second, Plaintiff did not provide, and this court has not found, a case involving similar facts that would have given Patrolman Edmonson notice that his conduct was objectively unreasonable. *Flores v. City of Palacios*, 381 F.3d 391, 399–400 (5th Cir. 2004). To be

3

objectively unreasonable, the officer's act must have contravened a right that is so well established that any reasonable official would understand that his conduct violated it. *Reichle v. Howards*, 566 U.S. 658, 664, 132 S. Ct. 2088, 182 L. Ed. 2d 985 (2012) (citing *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987)). Plaintiff has not established, moreover, that the general state of the law was such that Edmondson had fair warning that lifting Fowler up by his handcuffs violated his constitutional rights. *Williams v. Kaufman Cnty*, 352 F.3d 994, 1011 (5th Cir. 2003) (while holding that prolonged detention was unlawful under Supreme Court precedent, that precedent "did [not] establish a clear rule warning defendants that such conduct was illegal."); *Curtis v. Hinds Cty., Miss.*, No. 3:12CV260LRA, 2014 WL 4773973, at *5 (S.D. Miss. Sept. 24, 2014). As Plaintiff failed to establish either prong of the qualified immunity test, Defendant was entitled to summary judgment. Therefore, Plaintiff's Motion to Alter Judgment or for Reconsideration is not well taken.

*Conclusion*

Plaintiff failed to sustain his burden of adducing sufficient evidence to raise a genuine issue of material fact to suggest that Defendant's conduct violated a constitutional right or that his conduct was objectively unreasonable. Therefore, qualified immunity insulates Defendant Edmondson from Plaintiff's claims. The Motion to Alter Judgment or for Reconsideration is DENIED.

SO ORDERED, this the 27th day of July, 2017.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE